# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **K.M. and L.M.**

**No. 25-90** (Wood County CC-54-2023-JA-148 and CC-54-2023-JA-149)

## MEMORANDUM DECISION

Petitioner Mother S.S.[1] appeals the Circuit Court of Wood County's January 8, 2025, order terminating her parental, custodial, and guardianship rights to K.M. and L.M., arguing that the circuit court erred in concluding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in May 2023, alleging that the petitioner abused illegal substances, impairing her parenting skills, and had not provided the children with safe and appropriate housing, evidenced by the drug paraphernalia and white powder found within their reach. Specifically, the DHS alleged that when law enforcement responded to a call about the mother, she appeared intoxicated while walking outside with the children and could not identify which apartment was hers. Once the officers located and entered her residence, they found a scale, white residue, a plastic straw, balled up foil, and spoons on the kitchen table.

The circuit court held an adjudicatory hearing in July 2023. The petitioner stipulated that the children were abused and neglected due to her abuse of prescription drugs—lorazepam and methadone—to the point that her proper parenting skills were impaired. She testified that she wanted to participate in an improvement period and had developed proposed terms and conditions

---

[1] The petitioner appears by counsel Lauren A. Estep. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Courtney L. Ahlborn appears as the children's guardian ad litem ("guardian"). Respondent Father M.M. appears by counsel Eric K. Powell.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

with the multidisciplinary team to present to the court. The circuit court accepted the petitioner's stipulation and adjudicated her as an abusive and neglectful parent and K.M. and L.M. as abused and neglected children. The court then granted the petitioner a post-adjudicatory improvement period, the terms of which included obtaining safe and stable housing, participating in parenting classes, drug screening, maintaining sobriety, and completing inpatient or intensive outpatient substance abuse treatment.

The court conducted a review hearing in January 2024. The DHS and the petitioner's counsel proffered that the petitioner was participating in an inpatient recovery program and planned to enter another program that would transition her into a sober living home. Based on these representations, the court extended the petitioner's improvement period. In April 2024, the DHS recommended that the court grant the petitioner a post-dispositional improvement period, which it did, noting the petitioner's successful completion of two recovery programs. However, at a review hearing in July 2024, the guardian proffered that the petitioner's parenting and visitation providers had expressed concern about her ability to care for the children on her own. At a subsequent review hearing in September 2024, the court admitted into evidence, without objection, a DHS report (with a police report attached) stating that the petitioner had overdosed on heroin on July 31, 2024, and had been evicted from her apartment. The report also noted that the petitioner had stopped communicating with the DHS and had not participated in any services, including visits with the children, since the last hearing. The court terminated the petitioner's post-dispositional improvement period.

The court held a dispositional hearing in October 2024. The court admitted into evidence another DHS report stating that the petitioner had recently contacted her case worker, for the first time since the July 2024 hearing, stating that she had checked into another treatment program and wanted to work toward reunification with the children. The DHS and the guardian recommended termination. The petitioner also testified at this hearing.[3] Based on the evidence, the court found that the petitioner was "out of time." Despite being granted a post-adjudicatory improvement period (which the court extended), as well as a post-dispositional improvement period, and receiving "extensive services," the petitioner was "not any closer to resolving [her] drug problem" which had "affected her parenting greatly." The court noted that the petitioner "overdosed in July/August of 2024" and had not participated in any services since that time, including visits with the children. For these reasons, the court concluded that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The court also found that termination was necessary for the welfare and best interests of the children, who "[had] been through a lot" and "need[ed] permanency, stability, and safety." Accordingly, the court terminated the petitioner's parental, custodial, and guardianship rights to K.M. and L.M.[4] It is from this order that the petitioner appeals.

---

[3] The petitioner did not include a transcript of the dispositional hearing in the appendix record.

[4] The father's rights were also terminated, and the permanency plan for the children is adoption in the current placement.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that the court erred in finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future, and, consequently, that the court abused its discretion in terminating her parental rights rather than utilizing a less restrictive alternative. However, it is well established that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Moreover, the record includes sufficient evidence to support the court's findings, including the DHS's written reports, which detailed the petitioner's heroin overdose and subsequent failure to communicate with the DHS or engage in services. On appeal, the petitioner acknowledges this "misstep . . . [which] caus[ed] her to fail to participate in services from approximately August-October 2024." West Virginia Code § 49-4-604(d)(1) provides, in relevant part, that where "[t]he abusing parent . . . [has] habitually abused or [is] addicted to . . . drugs, to the extent that proper parenting skills have been seriously impaired and the [parent] . . . [has] not responded to . . . treatment which could have improved [her] capacity for adequate parental functioning," the court may appropriately conclude that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected. In addition, the circuit court found that termination was necessary for the children's welfare, a finding the petitioner does not challenge on appeal. Circuit courts are permitted to terminate parental, custodial, and guardianship rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination of rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). As such, we conclude that the circuit court did not err in terminating the petitioner's parental, custodial, and guardianship rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 8, 2025, order is affirmed.

Affirmed.

**ISSUED**: October 14, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

3